USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 03/10/2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                                :

FRANKLIN SALVADOR GOMEZ,      :

                                 Petitioner,  :                         1:17-cv-1726-GHW

                            -v-                  :             MEMORANDUM OPINION AND

THOMAS DECKER, DIANE              :                     ORDER
MCCONNELL, JOHN KELLY, and JEFF :
SESSIONS,

                                Respondents. :
-------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

       On March 8, 2017, Petitioner, Mr. Franklin Salvador Gomez, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition"). ECF No. 1. Petitioner has been detained by the U.S. Immigration and Customs Enforcement ("ICE") without bond for approximately four months, and seeks a bond hearing in light of his detention. Because Mr. Salvador Gomez does not present a basis for the Court to conclude that his current detention violates the law, the Petition is DENIED without prejudice.

### I.    BACKGROUND

       Petitioner is a citizen of El Salvador. Pet. ¶ 14. He fled his home country in February 2014 after allegedly being targeted for death by the "Mara 18," a Salvadorian criminal gang. Pet. ¶ 2. After fleeing El Salvador, he spent approximately 18 months in Mexico before attempting to enter the United States. Pet. ¶ 3. On November 1, 2016, Petitioner presented himself to the U.S. Customs and Border Patrol in San Ysidro, California and requested asylum. Pet. ¶ 29. Petitioner was taken into custody and placed in removal proceedings. Pet. ¶¶ 4, 30.

On November 29, 2016, an asylum officer determined that Petitioner had established a credible fear of persecution and referred his case to an immigration judge ("IJ") for full consideration of his asylum claim. Pet. ¶ 30 & Exs. 1-2. On March 8, 2017—the same date on which he filed this Petition—Petitioner also submitted his application for asylum in immigration court. Pet. ¶ 31. The IJ has scheduled a hearing for April 18, 2017, at which time Petitioner expects the IJ to schedule a final hearing on the merits of his asylum claim. Pet. ¶ 31. On March 8, 2017, Petitioner's counsel also filed a humanitarian parole request with ICE. Pet. ¶ 23 & Ex. 3. Petitioner is currently detained in New York awaiting the April 18, 2017 hearing, which will take place at the immigration court located at 201 Varick Street, New York, New York. Pet. ¶ 24.

## II. DISCUSSION

The Petition advances three "claims for relief." Pet. ¶ 33-62. At bottom, however, all three of those claims rely on the Second Circuit's decision in *Lora v. Shanahan*, 804 F.3d 601 (2d Cir. 2015).[1] The gravamen of Petitioner's claims is that his due process rights have been violated because his "detention *will* certainly last longer than six months and may very well last much, much longer." Pet. ¶ 32 (emphasis added). The Petition suggests no other basis to justify the requested relief.

In *Lora*, the Second Circuit held that "in order to avoid the constitutional concerns raised by indefinite detention, an immigrant detained pursuant to [8 U.S.C. §] 1226(c) must be afforded a bail

---

[1] In his first claim for relief, Petitioner argues that his detention is properly governed by 8 U.S.C. § 1226(a), under which an IJ would have discretion to release him on bond pending a decision on whether he is to be removed, rather than 8 U.S.C. § 1225(b)(1)(B)(IV), which provides for mandatory detention for aliens in expedited removal proceedings. Pet. ¶¶ 33-42. Second, Petitioner argues that, even if § 1225(b) governs his detention for the pendency of his removal proceedings, certain Supreme Court precedent and the Second Circuit's decision in *Lora* require that the Court apply the doctrine of constitutional avoidance and read § 1225(b) to implicitly limit detention without a bond hearing to a period not to exceed six months. Pet. ¶¶ 43-52. Third, Petitioner argues that indefinite detention without an individualized bond hearing would violate his right to due process—in other words, that § 1225(b) without an implicit six-month limitation would be unconstitutional. Pet. ¶¶ 53-62. Because § 1226(a) does not provide a right to release on bond (or even to a bond hearing), but only confers discretion to release an alien on bond, the Court assumes that Petitioner raises his first claim for relief in order to bring his Petition within the sweep of *Lora*. Petitioner's second and third claims for relief are expressly premised on *Lora* and related cases.

hearing before an immigration judge within six months of his or her detention." 804 F.3d at 616. The Second Circuit elected to adopt this "bright-line rule . . . in order to avoid the constitutional concerns raised by indefinite detention." *Id.* The holding of *Lora* is limited to 8 U.S.C. § 1226(c). By its terms, the decision extends neither to § 1225(b)(1)(B)(IV) nor to 8 U.S.C. § 1226(a)—the two statutes described in the Petition as potentially governing Petitioner's detention. The Court need not assess whether § 1226(a) or § 1225(b) governs Petitioner's detention, nor is it necessary for the Court to determine whether the holding of *Lora* should be expanded to apply to those statutory provisions.[2] For purposes of this decision only, the Court assumes, without holding, that *Lora* applies with equal force to both of those provisions.

Assuming that the six-month limitation on detentions without a bond hearing established in *Lora* applies here, Petitioner has not demonstrated that he is entitled to relief. His detention has not yet exceeded six months—he is nearly two months shy of that mark. His April 18, 2017 hearing also falls before the six-month mark. Therefore, as of the date of the Petition—and this order—Petitioner has not presented the Court with a basis for relief. The Court recognizes that Petitioner's final hearing on the merits may take place on a date that exceeds the six-month mark, but the possibility of future harm does not make this matter ripe for adjudication. The Court will not assume that the IJ will refuse to consider bond either at the April 18, 2017 hearing or at some other point before Petitioner has been in detention for six months. Nor will the Court assume that Petitioner's application for asylum will be denied, giving rise to an extensive appeal process.

---

[2] The Court is aware that some district courts have held that the rule established in *Lora* applies also to § 1225(b). For example, Judge Abrams concluded in her recent decision in *Arias v. Aviles* that "the Second Circuit's decision in *Lora* dictates that the Court interpret 8 U.S.C. § 1225(b)(2)(A) to include a reasonable temporal limitation of six months on . . . . detention." No. 15-CV-9249 (RA), 2016 WL 3906738, at *10 (S.D.N.Y. July 14, 2016). However, the Second Circuit has not had an opportunity to address this question, and courts in this district have reached different conclusions on the issue. *See, e.g., Cardona v. Nalls-Castillo*, No. 15-CV-9866 (SAS), 2016 WL 1553430 (S.D.N.Y. Apr. 14, 2016) (concluding that *Lora* "does not extend to individuals detained under Section 1225(b)"). The Court takes no position regarding the applicability of the Second Circuit's decision in *Lora* to individuals detained pursuant to § 1225(b) and need not decide that issue at this juncture.

Accordingly, Petitioner has not established that his detention will "certainly" last longer than six months without a bond hearing. *See Raju v. Shanahan*, No. 15-CV-7499 (RA), 2015 WL 7567455, at *4 (S.D.N.Y. Nov. 23, 2015) (denying leave to amend a petition for a writ of habeas corpus where petitioner had been detained for less than six months, and stating that "Petitioner's speculation that he will not receive a bail hearing before [the expiration of the six-month period] is just that—speculation"); *see also Chen v. Decker*, 148 F. Supp. 3d 325, 327 (S.D.N.Y. 2015) (denying a petition for a writ of habeas corpus where the petitioner had been detained pursuant to § 1226(c) for less than six months); *see also Texas v. United States*, 523 U.S. 296, 300 (1998) ("A claim is not ripe for adjudication if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" (quoting *Thomas v. Union Carbide Agricultural Prods. Co.*, 473 U.S. 568, 580-81 (1985))).

### III.    CONCLUSION

Because Petitioner's detention period has not exceeded the six-month period established in *Lora*, and he has not asserted any other basis for the relief sought, the Petition for a writ of habeas corpus is DENIED without prejudice.

The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: March 10, 2017
New York, New York

_____
GREGORY H. WOODS
United States District Judge